# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| PEYTON HOPSON, | Case No. 2:23-cv-951 |
| Plaintiff, | |
| vs. | District Judge Algenon L. Marbley |
| | Magistrate Judge Peter B. Silvain, Jr. |
| MICHELLE BUMGARDNER, | |
| Defendant. | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon Plaintiff's Motion for Stay of Court Order Issued June 21, 2024 (Doc. #32) and Plaintiff's Motion for Reconsideration (Doc. #33).

In October 2023, the undersigned issued the Calendar Order in this case. (Doc. #11). Under that Order, the dispositive motion deadline was June 24, 2024. *Id.* On June 20, 2024, Defendant moved for a thirty-day extension of the dispositive motion deadline. (Doc. #24). The undersigned found that Defendant showed good cause for the requested extension and granted Defendant's Motion, extending the dispositive motion deadline to July 24, 2024. (Doc. #26). On July 1, 2024, Plaintiff moved for leave to respond to Defendant's Motion for Extension of Time. (Doc. #27). The undersigned denied Plaintiff's Motion as moot. (Doc. #28).

On July 29, 2024, Plaintiff filed his Motion for Stay of Court Order Issued June 21, 2024 (Doc. #26). (Doc. #32). In the Motion, Plaintiff requests that District Judge Marbley reconsider the undersigned's Order denying Plaintiff's Motion for Leave to Respond to Defendant's Motion for Leave to Extend Dispositive Motion Deadline. *Id.* at 511. Plaintiff also requests a stay of the

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

undersigned's Order granting Defendant's Motion for Extension of Time pending Judge Marbley's decision. *Id.* at 512.

On the same day, Plaintiff also filed his Motion for Reconsideration. (Doc. #33). Plaintiff first requests that District Judge Marbley reconsider the undersigned's Order granting Defendant's Motion for Extension of Time. *Id.* at 514. He also seeks reconsideration of the undersigned's Order denying Plaintiff's Motion for Leave to Respond to Defendant's Motion for Leave to Extend Dispositive Motion Deadline. *Id.* at 516.

To the extent that Plaintiff asks the Court to reconsider the Order granting Defendant's Motion for Extension of Time, the undersigned **RECOMMENDS** that Plaintiff's request be **DENIED**.

As an initial matter, under Fed. R. Civ. P. 72, a party may object to a Magistrate Judge's non-dispositive order within fourteen days. The undersigned granted Defendant's Motion for Extension of Time on June 21, 2024. (Doc. #26). Plaintiff did not file his motions requesting reconsideration until July 29, 2024—more than a month after the Order was issued.

Moreover, under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Here, Defendant moved for a thirty-day extension of the dispositive motion deadline. (Doc. #24). Defendant explained that to prepare a dispositive motion, she needed verification of specific evidence through either a declaration or affidavit, and she was "in the process of obtaining said verifications …." *Id.* at 141. Notably, this was Defendant's first and only request to extend the dispositive motion deadline. Upon review of Defendant's Motion, the undersigned found that Defendant demonstrated good cause for the requested extension. (Doc. #26). Plaintiff has not shown that the undersigned's Order granting Defendant's Motion is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72.

2

The undersigned further **RECOMMENDS** that Plaintiff's request for a stay of the Order granting Defendant's Motion for Extension of Time be **DENIED**.

Finally, to the extent that Plaintiff asks the Court to reconsider the Order denying his Motion for Leave to Respond to Defendant's Motion for Leave to Extend Dispositive Motion Deadline, the undersigned **RECOMMENDS** that Plaintiff's request be **DENIED**.

Assuming that Plaintiff's request was timely filed, Plaintiff nonetheless fails to establish that the undersigned's Order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72. At the time Plaintiff's Motion was filed, the undersigned had already ruled on Defendant's Motion for Extension of Time. Accordingly, Plaintiff's request to file a memorandum in opposition was moot.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Motion for Stay of Court Order Issued June 21, 2024 (Doc. #32) and Plaintiff's Motion for Reconsideration (Doc. #33) be **DENIED**.

February 3, 2025                                            s/*Peter B. Silvain, Jr.*
                                                            Peter B. Silvain, Jr.
                                                            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).