IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PEYTON HOPSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:23-cv-00951 |
| v. | : | |
| | : | Judge Algenon L. Marbley |
| MICHELLE BUMGARDNER, | : | Magistrate Judge Peter B. Silvain, Jr |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter comes before this Court on Plaintiff Peyton Hopson's Objections (ECF No. 49) to the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 45) recommending that Plaintiff's Motion for Stay of Court Order (ECF No. 32) and Plaintiff's Motion for Reconsideration (ECF No. 33) be denied. For the reasons stated below, this Court **OVERRULES** Plaintiff's Objections (ECF No. 49) and **ADOPTS** the Magistrate Judge's R&R. (ECF No. 45). Accordingly, Plaintiff's Motion for Stay of Court Order (ECF No. 32) and Plaintiff's Motion for Reconsideration (ECF No. 33) are **DENIED**.

### I.     BACKGROUND

Plaintiff Peyton Hopson, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that Defendant Michelle Bumgardner denied him medical treatment in violation of the Eighth Amendment to the United States Constitution. (ECF No. 44 at 1).

Plaintiff filed his Complaint on March 13, 2023. (ECF No. 1). On October 25, 2023, Magistrate Judge Peter B. Silvain issued the Calendar Order for the case. (ECF No. 11). Under

that Order, the dispositive motion deadline was June 24, 2024. (*Id.*). On June 20, 2024, Defendant moved for a thirty-day extension of the dispositive motion deadline. (ECF No. 24). The Magistrate Judge found that Defendant showed good cause for the requested extension and granted Defendant's Motion, extending the dispositive motion deadline to July 24, 2024. (ECF No. 26). On July 1, 2024, Plaintiff moved for leave to respond to Defendant's Motion for Extension of Time. (ECF No. 27). The Magistrate Judge denied Plaintiff's Motion as moot. (ECF No. 28).

On July 29, 2024, Plaintiff filed his Motion for Stay of Court Order Issued June 21, 2024 (ECF No. 26). (ECF No. 32). In the Motion, Plaintiff requested that this Court reconsider the Magistrate Judge's Order denying Plaintiff's Motion for Leave to Respond to Defendant's Motion for Leave to Extend Dispositive Motion Deadline. (*Id.* at 2). Plaintiff also requested a stay of the Magistrate Judge's Order granting Defendant's Motion for Extension of Time pending this Court's decision. (*Id.* at 3).

On the same day, Plaintiff also filed his Motion for Reconsideration. (ECF No. 33). Plaintiff first requested that this Court reconsider the Magistrate Judge's Order granting Defendant's Motion for Extension of Time. (*Id.* at 1). He also sought reconsideration of the Magistrate Judge's Order denying Plaintiff's Motion for Leave to Respond to Defendant's Motion for Leave to Extend Dispositive Motion Deadline (ECF No. 28). (*Id.* at 3).

On February 3, 2025, the Magistrate Judge issued a Report and Recommendation (ECF No. 45) recommending that Plaintiff's request for a stay of the Order granting Defendant's Motion for Extension of Time (ECF No. 32) be denied, and that the Plaintiff's request for the Court to reconsider the Order denying Plaintiff's Motion for Leave to Respond to Defendant's Motion for Leave to Extend Dispositive Motion Deadline (ECF No. 33 at 3) be denied. On February 10, 2025, Plaintiff filed a Motion for Extension of Time to File Objections to R&R. (ECF No. 46). On

2

February 26, 2025, Plaintiff filed his Objections to the Magistrate Judge's R&R (ECF No. 45). (ECF No. 49).

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), a party may object to a Magistrate Judge's pretrial order on nondispositive matters. This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Review under Rule 72(a) provides "considerable deference to the determinations of magistrates." *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995). With respect to a Magistrate Judge's legal conclusions, however, "this Court must exercise its independent judgment," and it may "overturn any conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Siegler v. City of Columbus*, No. 2:12–CV–00472, 2014 WL 1096159, at *1–2 (S.D. Ohio Mar. 19, 2014) (citing *Gandee v. Glasser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994) (quotation omitted)).

## III.     LAW & ANALYSIS

Plaintiff objects (ECF No. 49) to the Magistrate Judge's R&R. (ECF No. 45). The R&R included three recommendations: (1) denial of Plaintiff's request for reconsideration of the Magistrate's decision to grant Defendant's Motion for Leave to Extend Dispositive Motion Deadline; (2) denial of Plaintiff's request for a stay of the Magistrate's order granting Defendant's Motion for Leave to Extend Dispositive Motion Deadline; (3) denial of Plaintiff's request for reconsideration of the Magistrate's order denying Plaintiff's Motion for Leave to

3

Respond to Defendant's Motion for Leave to Extend Dispositive Motion Deadline. (ECF No. 45).

The Magistrate Judge's R&R noted that Plaintiff's motions were untimely, as he did not file his motions requesting reconsideration until more than a month after the Magistrate's order granting Defendant's Motion for Extension of Time (ECF No. 24). (ECF No. 45 at 2). The Magistrate also explained that he found good cause for Defendant's extension. (ECF No. 45 at 2). Defendant had explained that to prepare a dispositive motion, she needed verification of specific evidence through either a declaration or affidavit, and she was in the process of obtaining said verifications. (*Id.*). It was the first and only request by Defendant to extend the dispositive motion deadline. (*Id.*). As such, the Magistrate granted the request for additional time (ECF No. 26).

Plaintiff argues in his Objection that any untimeliness in filing should be excused for good cause, as he never received notice of the fourteen day response period after the Magistrate's Order granting Defendant's Motion for Extension of Time (ECF No. 26). (ECF No. 49 at 2). Plaintiff contends that the Magistrate Judge's decision to grant Defendant's Motion for Extension of Time was "erroneous and contrary to Federal Rule of Civil Procedure 16(b)(4) requirements" because the Magistrate only considered good cause generally, but did not engage in the required review of the moving party's diligence in attempting to meet the case management order. (ECF No. 49 at 4).

Plaintiff also asserts that the Magistrate's denial (ECF No. 28) of Plaintiff's Motion for Leave to Respond (ECF No. 27) was "manifestly an abuse of discretion" because Plaintiff did not have an adequate opportunity to respond to the "clearly erroneous finding[]" of good cause which allowed Defendant's an extension of time. (ECF No. 49 at 6).

4

Lastly, Plaintiff objects to the Magistrate's recommendation to deny Plaintiff's request for stay as the Magistrate did not provide "findings of fact or conclusions of law, nor burdens upon the Court in support" of this recommendation. (ECF No. 49 at 6).

Under Federal Rule of Civil Procedure 16, a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether a party meets the "good cause" standard under Rule 16, the primary measure "is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). However, "carelessness or oversight is ordinarily incompatible with a finding of diligence." *Cooke v. AT&T Corp.*, 2007 WL 188568, at 2 (S.D. Ohio Jan. 22, 2007). In addition to this primary measure "another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, at 625 (6th Cir. 2002).

Here, the Magistrate Judge correctly determined that Defendant established good cause for an extension of the dispositive motion deadline. This Court finds that while the Magistrate may not have explicitly labeled its analysis as an analysis of "the moving party's diligence in attempting to meet the case management order's requirements," the Magistrate did consider this as a primary determination of good cause. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal citations omitted). The Magistrate noted that the Defendant asked for only a thirty-day extension and provided a specific reason for such request. (ECF No. 45 at 2). Defendant's request makes clear that she was "attempting to meet" the deadline given that she was actively "in the process of obtaining said verifications." (ECF No. 45 at 2). Further support for the Magistrate's decision is the fact that Defendant filed her request four days *before* the deadline. (ECF No. 24). To the extent that part of Plaintiff's Motion to Stay (ECF No. 32) or

Motion for Reconsideration (ECF No. 33) asks this Court to reconsider the Order granting Defendant's Motion for Extension of Time (ECF No. 26), Plaintiff's request is denied.

Plaintiff asks for a stay and reconsideration related to the Magistrate Judge's failure to give Plaintiff a chance to respond to Defendant's Motion for Extension of Time. (ECF No. 33 at 516). Regardless of whether Plaintiff received notice and, therefore, had a chance to make a timely filing, this Court finds that Plaintiff has failed to establish that the Magistrate's order was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Plaintiff's arguments in his Motion for Stay (ECF No. 32), Motion for Reconsideration (ECF No. 33), and in his Objections (ECF No. 49) only repeat his contention that the Magistrate has erred in granting Defendant additional time. He does not establish how or why he is prejudiced by this extension of time or by the Magistrate denying him a chance to file a motion in opposition to this extension.

Since this Court affirms the Magistrate's order granting Defendant's Motion for Extension of Time (ECF No. 26), and finds no error, this Court finds no abuse of discretion in the Magistrate's order denying Plaintiff's Motion for Leave to Respond to Defendant's Motion to Extension of Time. (ECF No. 28). Plaintiff's Motion for Stay of Court (ECF No. 32) and Motion for Reconsideration (ECF No. 33) are denied.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Objections (ECF No. 49) are **OVERRULED**. This Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's R&R (ECF No. 45). Plaintiff's Motion for Reconsideration (ECF No. 33) is **DENIED**. Plaintiff's Motion for Stay of Court Order (ECF No. 32) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 24, 2025**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

6