IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PAYTON HOPSON,** : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:23-cv-951 |
| v. : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| **MICHELLE BUMGARDNER,** : | |
| : | Magistrate Judge Peter B. Silvain, Jr. |
| Defendant. : | |

**OPINION & ORDER**

Plaintiff Peyton Hopson ("Plaintiff or Hopson"), proceeding *pro se*, is a state inmate at the Allen Correctional Institution, suing Defendant Michelle Bumgardner ("Defendant or Bumgardner") under 42 U.S.C. § 1983 for alleged medical mistreatment in violation of the Eighth Amendment to the United States Constitution. Defendant Bumgardner filed a Motion for Summary Judgment (ECF No. 29) after being granted leave of court for an extended submission deadline. (ECF No. 26). The Magistrate Judge filed his Report and Recommendations ("R&R") addressing the Defendant's Motion for Summary Judgment (ECF No. 44). The Plaintiff filed timely objections to the R&R (ECF No. 48) which are now before this Court.

For the reasons stated below, Plaintiff's Objections (ECF No. 48) are **OVERRULED IN PART AND SUSTAINED IN PART** and the Magistrate Judge's R&R (ECF No. 44) is hereby **ADOPTED as modified below**. Furthermore, because reasonable jurists would not disagree with this Court's conclusion, the Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

## I. BACKGROUND

### A. Factual Background

On March 15, 2022, nursing staff assessed Mr. Hopson for an injury to his right knee, provided him with Tylenol, ibuprofen, an Ace bandage, and ordered x-rays. (ECF No. 1 at 6). Plaintiff states that on June 9, 2022, his knee "popped (dislocated)" while he was walking and he subsequently complained of sharp pain, swelling, and discomfort. (*Id.*). Mr. Hopson sent a follow-up kite complaint on June 23, 2022, reiterating his pain and requesting a review of his x-rays. (ECF No. 1 at 18). Prison staff responded on June 27, 2022, stating that a follow up appointment is scheduled to review the x-rays and recommending Mr. Hopson continue to take Tylenol and ibuprofen as needed for pain. (*Id.*). Mr. Hopson sent another kite complaint on July 9, 2022, stating that he is concerned about irreversible damage to his leg due to continued standing and moving at his food service job, and further requesting lay-in. (*Id.* at 19).

Mr. Hopson alleges that at his next healthcare appointment with Defendant Bumgardner, his knee was "visibly injured" and dislocated. (*Id.* at 7). Plaintiff states that the first x-ray taken before his knee "popped" did not show the extent of the new injury that occurred after the x-ray was taken and no second x-ray was done. (*Id.*). Plaintiff allegedly requested a cane and medical lay-in which was denied by the Defendant. (*Id.*).

Belmont Correctional Institution ("BCI") records show Plaintiff visited with Defendant on July 13, 2022. That examination noted no deformity, no swelling, and no limited range of motion in Mr. Hopson's knee. (ECF No. 29-3 at 52). BCI records show Plaintiff had a fibroscan completed on October 17, 2022, wherein nurse practitioner Audrey Jones noted Hopson's gait was steady, he was in no distress, and he had no visible injuries. (*Id.* at 40). At a follow-up visit on October 24, 2022, Defendant noted Plaintiff had full motion in his extremities without any obvious deformity

2

and without acute distress. (*Id.* at 36). Plaintiff received BCI medical care at 8:02 a.m. on November 29, 2022, in the aftermath of a fight wherein nurse practitioner Gary Weldon noted Plaintiff had no observable injuries, his gait was steady, and he denied being in any pain or having injury. (*Id.* at 31). Later that day at 3:56 p.m. on November 29, 2022, Plaintiff was seen by BCI nurse practitioner Audrey Jones for reported knee pain and after no obvious deformity, swelling, or difficulty walking was noted, Plaintiff was given Tylenol and ibuprofen with a follow-up visit scheduled. (*Id.* at 29).

Defendant last saw Plaintiff for knee pain on December 5, 2022, when Plaintiff complained his knee was critically unstable due to Hepatitis C, a subjective diagnosis with which Bumgardner disagreed. (*Id.* at 28). Defendant completed an examination of Hopson's knee, recommended physical therapy exercises and icing, found no visible injuries, and noted that Hopson was "able to perform a squat without difficulty." (*Id.* at 27).

BCI registered nurse Trevor Jackson saw Mr. Hopson following a fight on April 2, 2023, noting there were no signs of obvious injury or distress, and that Mr. Hopson denied any injuries. (*Id.* at 25). Certified nurse practitioner Lydia Knapp saw Mr. Hopson for a chronic liver care follow-up appointment on April 13, 2023, and found no obvious deformities and full range of motion in all four of Mr. Hopson's extremities. (*Id.* at 22).

### B. Procedural Background

On March 13, 2023, Plaintiff filed a *pro se* Complaint in this Court under 42 U.S.C. § 1983. (*Id.*). In the Complaint, Plaintiff contends that Defendant was deliberately indifferent to his dislocated knee by failing to take a subsequent x-ray during the examination, by denying him a cane and medical lay-in from work, and by not taking steps to enhance his ability to heal properly while he was continuously experiencing severe pain. (ECF No. 1 at 7).

On October 25, 2023, a dispositive motion deadline was set for June 24, 2024. (ECF No. 11). On June 20, 2024, Defendant moved for a thirty-day extension of the dispositive motion deadline. (ECF No. 24). The Magistrate Judge granted the motion and extended the dispositive motion deadline until July 24, 2024, finding good cause to do so. (ECF No. 26). On July 1, 2024, the Plaintiff moved for leave to respond to the Defendant's Motion for Extension of Time (ECF No. 27) which was denied as moot. (ECF No. 28). The Defendant then filed a Motion for Summary Judgment on July 24, 2024. (ECF No. 29).

On January 15, 2025, the Magistrate Judge filed his R&R, recommending this Court grant the Defendant's Motion for Summary Judgment and dismiss the Complaint. (ECF No. 44). The R&R recommended granting summary judgment on three separate grounds: (1) Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PRLA"), 42 U.S.C. § 1997e; (2) Plaintiff has failed to show the objectivity element of deliberate indifference; and (3) Defendant Bumgardner is entitled to qualified immunity. (*Id.*).

The Plaintiff submitted timely objections to the R&R. (ECF No. 48). The Magistrate Judge's R&R and the Plaintiff's objections are now before this Court for review.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(3), district courts review a magistrate judge's report and recommendation *de novo* after a party files a timely objection. *See Williams v. Parikh*, 708 F. Supp. 3d 1345, 1351 (S.D. Ohio 2023). This review, however, applies only to "any portion to which a proper objection was made." *Id.* (internal quotation marks and citation omitted). In response to such an objection, the district court "may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). For "unobjected portions" of the report and

4

recommendation, a district court "still must satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Parikh*, 708 F. Supp. 3d at 1352 (internal quotation marks and citation omitted).

When a plaintiff is proceeding *pro se*, the court is to construe the pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But "[t]he liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" his complaint or any portion of it that: "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While detailed factual allegations are not necessary at the pleading stage, mere "labels and conclusions" are insufficient to state a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Pro se complaints are to be construed liberally, but "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. LAW AND ANALYSIS

Mr. Hopson has objected to the Magistrate Judge's R&R, which granted the Defendant's Motion for Summary Judgment on three separate grounds: failure to exhaust remedies, a lack of deliberate indifference, and qualified immunity. (ECF No 48). Therefore, this Court reviews these determinations *de novo*. For the reasons below, this Court finds that granting the Defendant's Motion for Summary Judgment is appropriate.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

5

to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); see also Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

### A. Failure to Exhaust Administrative Remedies

The Defendant's Motion for Summary Judgment asserts that the Plaintiff failed to exhaust his administrative remedies under the PLRA. (ECF No. 29 at 15). The R&R recommends granting the Defendant's Motion for Summary Judgment on this ground. (ECF No. 44 at 13). The Plaintiff objects to this conclusion of the R&R. (ECF No. 48 at 1).

Plaintiff cannot bring an action under federal law concerning prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy this exhaustion requirement, prisoners must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). Non-exhaustion is an affirmative defense, with the burden of proof falling on the defendant, *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), but the exhaustion requirement is "mandatory," not discretionary, and "must be enforced by the district court." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005).  The Plaintiff's claim thus must comply with Ohio's three-step "inmate grievance procedure," which consists of the following consecutive steps: (1) the filing of an informal complaint; (2) the filing of a notification of grievance; and (3) the filing of an appeal of the disposition of grievance. O.A.C. § 5120-9-31(K)(1)-(K)(3).

Prisoner plaintiffs are only required, however, to exhaust all "available" administrative remedies before being able to bring a claim in federal court. 42 U.S.C. § 1997e(a). The Supreme Court has identified three ways in which an administrative procedure may be considered "unavailable" to prisoners and therefore not subject to the exhaustion requirements: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it" because it is "so opaque" or "so confusing"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 643-44 (2016).

In her Motion for Summary Judgment, the Defendant attached a Declaration of Karen Stanforth, an Assistant Chief Inspector at the Ohio Department of Rehabilitation and Correction. (ECF No. 29-1). In that Declaration, Ms. Stanforth states that between March 1, 2022, and March 23, 2023, the Plaintiff had only completed the three-step grievance process once, and only in relation to his Hepatitis C treatment. (*Id.*). On November 15, 2022, Plaintiff filed an informal complaint against Warden David W. Gray, alleging deliberate indifference to a serious medical need for treatment related to Hepatitis C and referencing "attached medical reports." (*Id.* at 7). The medical reports attached by the Plaintiff were not provided as part of the Defendant's Motion for Summary Judgment. Joseph Murphey closed the complaint and found no supporting evidence of non-compliance with protocol related to the Plaintiff's medical care for Hepatitis C. (*Id.*). The Plaintiff escalated the informal complaint to a grievance on November 18, 2022. (*Id.*). Patrick Haley denied the grievance, noting that the Plaintiff was evaluated in July of 2022 for "Hepatitis C and injured knee" and found that the medical evaluation and treatment provided followed proper protocol. (*Id.* at 7-8). On November 24, 2022, the Plaintiff filed an appeal of the denied grievance. (*Id.* at 8). Karen Stanforth affirmed the denial of the grievance and closed the appeal. (*Id.*).

The Defendant argues that the Plaintiff failed to exhaust his administrative remedies related to his treatment on July 13, 2022, because the grievance procedures were not timely submitted to prison officials. (ECF No. 29 at 18-19). The Defendant states that by submitting the informal complaint more than fourteen days after Defendant Bumgarder had last treated him, the filing was untimely under Ohio's rules. (*Id.* at 19, citing O.A.C. 5120-9- 31(J)(1)). Where prison officials waive the enforcement of procedural rules, however, and instead consider a non-exhausted claim on its merits, this procedural default will not bar the prisoner's subsequent federal claims. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). Here, the prison officials responded

8

to the Plaintiff's grievance procedures related to medical care received on July 13, 2022, on its merits rather than dismissing the complaint for procedural deficiencies. Therefore, the Plaintiff's grievance procedures related to the Defendant's July 13, 2022, treatment of the Plaintiff will be considered timely for these federal proceedings because they were considered on their merits by prison officials.

The Defendant next argues that the Plaintiff failed to exhaust his administrative remedies related to his treatment on July 13, 2022, because the informal complaint did not properly identify Defendant Bumgardner. (ECF No. 29 at 19). The informal complaint "must contain specific information; dates, times, places, the event giving rise to the complaint and, if applicable, the name or names of personnel involved and the name or names of any witnesses." O.A.C. 5120-9- 31(J). Here, the Defendant acknowledges that in the Plaintiff's later escalated grievance and appeal he mentioned his right knee but argues the lack of specificity by omitting Defendant Bumgardner and her allegedly improper care makes his inmate complaints procedurally improper. (*Id.* at 19). As the Plaintiff's Objection notes, however, the Defendant has not provided the attachments to the informal complaint filed that relates to Defendant Bumgardner's July 13, 2022, consultation with the Plaintiff. (ECF No. 48 at 3). The Defendant has not provided any evidence as to whether these attachments included reference to Defendant Bumgardner or her treatment of the Plaintiff on July 13, 2022. Further, this is again the type of procedural deficiency overlooked by prison officials that *Reed-Bey* stated will not bar a federal claim for failure to exhaust because the complaint was resolved on its merits. Therefore, the Plaintiff's grievance procedures related to Defendant Bumgardner's July 13, 2022, treatment of him exhausted his administrative remedies.

The Defendant also argues that the Plaintiff failed to exhaust his administrative remedies relative to his treatment by Defendant Bumgardner on December 5, 2022. The Defendant states

9

that the Plaintiff's allegations related to the December 5, 2022, treatment occurred more than one week after the Plaintiff's sole three-step grievance procedure was completed and the Plaintiff to complete the three-step inmate grievance proceedings related to this incident. (ECF No. 29 at 19). The Plaintiff in his Objection states that prison official thwarted his pursuit of administrative remedies for the December 5, 2022, treatment "by way of threat of disciplinary actions" and therefore the administrative remedies were unavailable to him. (ECF No. 48 at 4).

Failure to exhaust administrative remedies may be excused where "the improper actions of prison officials render the administrative remedies functionally unavailable." *Himmelreich v. Fed. Bureau of Prisons*, 766 F. 3d 576, 577 (6th Cir. 2014). The question then becomes whether prison officials took an adverse action "that would 'deter a person of ordinary firmness' from" continuing with the grievance process. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (en banc). This requirement "is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Id.* at 398. "Thus, unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should' survive a motion for summary judgment. *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). Courts have stated that "mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation." *Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004). Here, the Plaintiff alleges that when filing his earlier Hepatitis C treatment inmate grievances, prison officials warned him that he was abusing the process and "any further such attempts by Plaintiff to file further" would result in disciplinary action. (ECF No. 48 at 3). This Court finds that these alleged threats of disciplinary action for further inmate grievances related to the Plaintiff's treatment are sufficiently adverse to survive this Motion for Summary Judgment because prison administrators thwarted Plaintiff from taking advantage of the grievance process

10

through intimidation. Therefore, the Plaintiff has not failed to exhaust his claims stemming from his December 5, 2022, treatment by Defendant Bumgardner.

The Defendant has failed to show that the Plaintiff has not fully exhausted his administrative remedies. Accordingly, Plaintiff's first Objection to the R&R granting the Defendant's Motion for Summary Judgment is **SUSTAINED**.

### B. Deliberate Indifference

The Defendant's Motion for Summary Judgment also asserts that she is entitled to summary judgment because no reasonable trier of fact could find that the Defendant engaged in deliberate indifference in violation of the Plaintiff's Eighth Amendment protections under the United States Constitution. (ECF No. 29 at 9). The R&R recommends granting the Defendant's Motion for Summary Judgment on this ground. (ECF No. 44 at 18). The Plaintiff objects to this claim. (ECF No. 48 at 5).

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration.' But mere failure to provide adequate medical care to a prisoner will not violate the Eighth Amendment." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285 (1976)). Establishing an Eighth Amendment violation due to a lack of medical care requires showing that prison officials acted with "deliberate indifference to serious medical needs." *Estelle* at 104. An Eighth Amendment violation for failure to provide medical care has both objective and subjective components. *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).

The objective component of an Eighth Amendment deliberate indifference claim requires evidence of a "sufficiently serious" medical need, which is defined as either being "diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize

the necessity for a doctor's attention." *Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014) (quoting *Harrison v. Ash*, 39 F.3d 510, 518 (6th Cir. 2008)); *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). Where an inmate has received ongoing treatment for a condition and claims the treatment has been so deficient to violate the Eighth Amendment, the objective component requires a showing of care that is "so grossly incompetent' or so grossly 'inadequate' as to 'shock the conscience' or 'be intolerable to fundamental fairness.'" *Phillips v. Tangilag*, 14 F.4th 524, 534-35 (6th Cir. 2021) (quoting *Rhinehart* at 737).

This Court finds there to be sufficient undisputed facts to grant the Motion for Summary Judgment as to the claims of deliberate indifference solely on the objective ground, as the Plaintiff has not shown care was so grossly incompetent as to "shock the conscience" or that is "intolerable to fundamental fairness." The Supreme Court has held that "X-ray[s] or additional diagnostic techniques" are "forms of treatment." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285 (1976)). It is undisputed that Mr. Hopson was then receiving ongoing treatment for his knee condition; indeed, he stated that he had received an x-ray and was afforded repeated visual diagnoses by various medical personnel. Further, he received medical care from at least two nurse practitioners unnamed in the Complaint. During these medical visits there is reported several medical opinions stating that the Plaintiff asserts he is without pain and maintains a full range of motion.

The Plaintiff's Complaint has only one dispute with the evidence presented by the Defendant, which is that the Plaintiff believes additional or different treatment was necessary, specifically the referral to a specialist for further treatment.[1] As held in *Swanson*, however, the desire for additional or different treatment does not amount to a violation of his Eighth Amendment

---

[1] The allegations differ on whether the Defendant was deliberately indifferent about the Plaintiff's alleged Hepatitis C interaction, requiring rheumatology specialist referral. This is not such a lack of care shocking this Court's conscience, nor is the receiving regular treatment, medication, and x-rays resulting in an unfavorable denial of bed rest and use of a cane incongruous with the concept of fundamental fairness.

rights for deliberate indifference on an objective assessment. Finding that the Plaintiff has failed to plead sufficiently the objective prong, this Court does not need to further assess the remaining requirements of a deliberate indifference claim. *Phillips*, 14 F.4th at 535 ("Only if a prisoner proves this objective element must courts consider the second [subjective] part of the deliberate-indifference test.")[2]

The Plaintiff has not presented sufficient evidence to support a claim for deliberate indifference and therefore the Defendant is entitled to judgment as a matter of law. Accordingly, Plaintiff's second Objection to the R&R granting the Defendant's Motion for Summary Judgment is **OVERRULED**.

### C. Qualified Immunity

The Defendant's Motion for Summary Judgment lastly asserts that she is protected by qualified immunity. (ECF No. 29 at 20). The R&R recommends granting the Defendant's Motion for Summary Judgment on this ground. (ECF No. 44 at 19). The Plaintiff objects to this conclusion of the R&R. (ECF No. 48 at 8).

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). In doing so, "qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009). A government official is protected by qualified

---

[2] The subjective component of an Eighth Amendment deliberate indifference claim requires a showing that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Gunther*, 561 F. App'x at 500 (quoting *Harrison* at 518).

immunity if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* Further, after the defendant has raised the defense of qualified immunity, the plaintiff "bears the ultimate burden of proof to show that [the Defendants] are not entitled to qualified immunity." *Cockrell v. City of Cincinnati*, 468 F. App'x 491, 494 (6th Cir. 2012) (quoting *Garretson v. City of Madison Height*s, 407 F.3d 789, 798 (6th Cir. 2005)).

Defendant Bumgardner asserts that she is entitled to qualified immunity for the Plaintiff's claims, providing her with immunity from the suit. (ECF No. 29 at 20). As stated in *Cockrell*, the burden then shifts to the Plaintiff to establish that Defendant Bumgardner is not entitled to this defense. As explained above, Plaintiff has not presented sufficient evidence to support a claim for deliberate indifference in violation of the Eighth Amendment to the United States Constitution. Plaintiff's Objection on this ground makes no new arguments beyond those raised and discussed above. (ECF No. 48 at 8). The Plaintiff has therefore failed to establish that Defendant Bumgardner's conduct violated his clearly established constitutional rights, as previously discussed. Therefore, Plaintiff fails to establish that Defendant Bumgardner is not entitled to qualified immunity. Accordingly, Plaintiff's third Objection to the R&R granting the Defendant's Motion for Summary Judgment is **OVERRULED**.

The Magistrate Judge's R&R is therefore **ADOPTED as modified above**; Defendant's Motion for Summary Judgment (ECF No. 29) is **GRANTED**; and Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

## IV. CONCLUSION

Having considered Plaintiff's grounds for relief *de novo*, the Plaintiff's Objections (ECF No. 48) are **SUSTAINED IN PART** and **OVERRULED IN PART**; this Court hereby **ADOPTS** the Magistrate Judge's R&R (ECF No. 44) **as modified herein**; the Defendant's Motion for Summary Judgment (ECF No. 29) is **GRANTED**; and the Plaintiff's Complaint (ECF No. 1) is **DISMISSED**. Furthermore, because reasonable jurists would not disagree with this conclusion, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 31, 2025**