**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **PEYTON HOPSON,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:23-cv-951** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **MICHELLE BUMGARDNER,** | : | **Magistrate Judge Peter B. Silvain, Jr.** |
| | : | |
| **Defendant.** | : | |

**OPINION AND ORDER**

This matter comes before this Court on *pro se* Plaintiff Peyton Hopson's Rule 59(e) Motions (ECF Nos. 56; 57) seeking to alter or amend this Court's prior Opinion and Order dismissing his Complaint. Hopson is a state inmate who sued a prison nurse, Defendant Michelle Bumgardner, under 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated by Bumgardner's insufficient medical care. This Court dismissed his claims in March 2025, determining that he had failed to show the objective component of his deliberate indifference claim, and had failed to establish that Bumgardner was not entitled to qualified immunity. (ECF No. 52 at 13–14). For the following reasons, Hopson's Rule 59(e) Motions are **DENIED**.

## I.  BACKGROUND

Hopson alleged that Bumgardner, a nurse at the Belmont Correctional Center, failed to treat his medical condition appropriately when she disregarded his knee pain and the attendant risk of his Hepatitis C status. Hopson's knee pain apparently began in March 2022, when his knee was injured while he was "trotting to get in line for commissary." Prison nursing staff met with him and gave him medicine, bandages, a medical bunk designation, and a week off his work duty. Prison nursing staff also ordered an x-ray of his knee. Months later, in June 2022, Hopson claims

1

that same knee dislocated while he was walking on a track.  He complained of pain, discomfort, and swelling.  He requested a cane and additional time off work, but opted not to request a medical bunk.  He was instructed to continue taking pain medicine, to wear his bandages, and apply ice to his knee.  During a follow-up with Bumgardner, Hopson contends his knee was visibly injured, yet Bumgardner relied on his previously-ordered x-ray and told him he was dealing with arthritis, giving him more pain medicine and a knee sleeve, but denying his request for a cane and time off work.  Hopson contends that Bumgardner failed to address his complaint of a dislocated knee, because she relied on the previous x-ray, and ignored the risk that Hepatitis C could play in impacting his knee.  (ECF No. 1 at 1–2, 4, 6–7, 11).

Bumgardner moved for summary judgment, arguing in relevant part that Hopson received treatment for his knee pain, failed to show that his medical needs were sufficiently serious or Bumgardner's treatment was grossly inadequate, and failed to provide verifying medical information to that fact.  (ECF No. 29 at 5–8, 10–11).  The Magistrate Judge recommended granting her motion, and Hopson objected—both to the grant of summary judgment itself, and to a prior decision by the Magistrate Judge granting Bumgardner an additional 30 days to file her summary judgment motion.  In March 2025, this Court issued two opinions rejecting most of Hopson's objections, modifying and adopting the Magistrate Judge's recommendation, and dismissing the case.  The first opinion upheld a 30-day extension to the dispositive motions deadline granted to Bumgardner.  The second determined that Hopson failed to show that he had objectively faced a risk of sufficiently serios harm.  (ECF Nos. 51; 52).  Hopson brought dual Rule 59(e) Motions in May 2025, requesting alteration or amendment of those two opinions.  (ECF Nos. 56, 57).  Bumgardner opposed, (ECF No. 58), and Hopson replied.  (ECF Nos. 61, 63).  Seeking a resolution to those Rule 59(e) Motions, he then brought a Motion to Proceed to Judgment in

2

December 2025, urging that his motions be considered.  (ECF No. 65).  This matter is now ripe for review.

## II.    LAW AND ANALYSIS

Rule 59(e) provides a narrow set of circumstances for altering or amending a judgment, limited to instances where a movant shows:  (1) clear error of law;  (2) newly discovered evidence; (3) an intervening change in controlling law; (4) or any manifest injustice.  *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Wright & Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)); *see Gencorp., Inc.*, 178 F.3d at 834.  To prevail on his motions, Hopson "'must present newly discovered evidence or clearly establish a manifest error of law.'"  *Tera II, LLC v. Rice Drilling D, LLC*, 2024 WL 231456, at *1 (S.D. Ohio Jan. 22, 2024) (Marbley, J.) (quoting *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016)).  He has failed to do so on each motion, and thus he is not entitled to an altered or amended judgment.

### A.  Extension to the Dispositive Motions Deadline

First, Hopson reiterates his longstanding procedural challenge to Bumgardner's dispositive motions deadline extension.  The history surrounding this extension, and Hopson's disagreement with it, shows why Hopson's Rule 59(e) motion must fail here.  Hopson sued Bumgardner on March 13, 2023.  In October 2023, the Magistrate Judge issued a Calendar Order setting June 24, 2024 as the deadline for dispositive motions. (ECF No. 11 at 1).  On June 20, 2024, Bumgardner requested a 30-day extension to that dispositive motions deadline, noting that additional time would allow her to verify evidence in support of her motion.  (ECF No. 24 at 1).  The Magistrate

3

Judge granted that request the following day, finding that Bumgardner had shown good cause for an extension.  (ECF No. 26 at 1).  No possible issue here, right?

Not quite.  Hopson took great umbrage with this time extension, seeking leave to file a response and arguing that Bumgardner's explanation for the request was "grossly vague[]."  He suggested that the extension of the time period by an additional 30 days was insufficiently supported and "inexcusable."  (ECF No. 27 at 2–3).  The Magistrate Judge denied Hopson's request as moot, since the extension was already granted, and Bumgardner proceeded to file her motion for summary judgment.  (ECF Nos. 28, 29).  But Hopson was not quite done with this fight.

On July 29, 2024, Hopson brought two challenges to the Magistrate Judge's determination that his request was moot.  He requested a stay of that order, so the District Judge could review it pursuant to 28 U.S.C. § 636(b)(1)(A).  He argued that the stay improperly modified the case schedule without good cause as required by Fed. R. Civ. P. 16(b)(4), because Bumgardner had not been diligent in meeting the case deadlines.  (ECF Nos. 32 at 2–3; 33 at 2–3).  The Magistrate Judge considered Hopson's arguments and recommended that they be denied, observing that good cause existed to extend the dispositive motions deadline given that Defendant needed to verify evidence, and that Hopson had not shown that the decision was "clearly erroneous or contrary to law" under Fed. R. Civ. P. 72(a).  (ECF No. 45 at 2–3).  Hopson objected.  His primary argument was that Bumgardner had not shown good cause.  (*See* ECF No. 49 at 2, 4–6).  This Court affirmed the Magistrate Judge's decision and overruled Hopson's objections, agreeing that Bumgardner had established good cause in requesting an extension when she filed her request several days before the deadline and explained that she needed more time to verify information.  (ECF No. 51 at 5–6).

Undeterred, Hopson yet again tries to wind back this time-extended clock, now through Rule 59(e).  His arguments largely rehash his prior ones—for instance, he reiterates his incredulity

that Bumgardner could not have finished all her litigation tasks in the time allotted. (ECF No. 56 at 6). Indeed, it seems that Hopson just cannot buy that Bumgardner could possibly need an extension of time beyond the allotted period to prepare her motion for summary judgment—a somewhat surprising reaction from a litigant who himself requested and received multiple time extensions of his own.[1] These re-raised challenges do not suffice under Rule 59(e). This type of motion is an extraordinary form of relief—it simply is not a vehicle to relitigate issues already decided or to raise arguments that could have been raised before judgment. *Tera II, LLC v. Rice Drilling D, LLC*, 2024 WL 231456, at *1 (S.D. Ohio Jan. 22, 2024) (Marbley, J.); *accord Solly v. Mausser*, 2016 WL 74986, at *1 (S.D. Ohio Jan. 7, 2016) (Marbley, J.).

Just as Hopson cannot resurrect his prior time-extension arguments, he cannot use Rule 59(e) to relitigate those same issues from a novel angle. He advances two new arguments: that this Court mistakenly misunderstood that Bumgardner had stated that she was "attempting to meet" the Court's dispositive motions deadline, and that Bumgardner failed to defend against his argument that she had not shown good cause. (ECF No. 56 at 6). Both arguments fail. First, it is true that Bumgardner did not use the words "attempting to meet" in explaining her diligence in preparing her motion. But nobody said she did—Hopson misattributes that quote. The quoted language came from the Sixth Circuit's case cited on the same page Hopson referenced. (ECF No. 51 at 5). This Court was referencing the Sixth Circuit's analysis that, in determining whether a party meets the "good cause" standard under Rule 16, the primary measure "is the moving party's diligence in *attempting to meet* the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (emphasis added). And Bumgardner showed that "she was 'attempting to meet' the deadline," as the Magistrate Judge observed. (ECF No. 51 at 5).

---

[1] *E.g.*, ECF Nos. 34; 35; 36; 37; 41; 44; 46; 47; 54; 55; 59; 60.

Second, while Bumgardner did not counter Hopson's arguments, she did not need to.  Her request for an extension of time had already been granted by the Magistrate Judge.  (ECF Nos. 24; 26).

Ultimately, Hopson has not shown what he must to prevail on this Rule 59(e) motion.  Instead, he relitigates old arguments and raises new ones.  His arguments misconstrue the record, misunderstand Bumgardner's burdens, and fail to address any of the grounds for Rule 59(e) relief.  This motion is denied.

### B.  Deliberate Indifference

Second, Hopson challenges this Court's decision in finding that Bumgardner was entitled to summary judgment on his deliberate indifference[2] Eighth Amendment claim because he had failed to establish the objective component by showing sufficiently serious harm.  Hopson provides no reason why he should prevail in this Rule 59(e) motion.  But the very high bar necessary to establish the objective requirements of such a claim shows why he should not.

The Eighth Amendment prohibits state actors from wantonly inflicting pain on prisoners.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Precisely what qualifies as wantonness will depend on the circumstances.  In cases where prison officials act with "deliberate indifference" to the risk of harm from an inmate's health problems, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), wantonness is established and the Eighth Amendment is violated.  *Phillips v. Tangilag*, 14 F.4th 524, 534 (6th Cir. 2021).  The deliberate indifference test has objective and subjective components.  First, the objective component requires that a prisoner face a risk of sufficiently serious harm.  When that objective component is established, the subjective component requires that prison official knew of and disregarded a serious medical need.  *Id.* at 534–36.

---

[2] Hopson does not challenge the finding that Bumgardner would be entitled to qualified immunity.  But that determination hinged upon the conclusion that Hopson had not sufficiently established his Eighth Amendment claim, as there would then be no constitutional violation at issue for the purposes of qualified immunity.  (*See* ECF No. 52 at 13–14).

A prisoner litigant can establish sufficiently serious harm in two ways.  First, they can challenge a lack of care.  To do so, they would show that a doctor diagnosed a condition as requiring treatment, or that the prisoner had an obvious problem that a layperson would agree necessitated care.  *Id.* at 534.  If effectively no care was provided for the condition, then the objective requirement is satisfied.  *Id.*  Second, they can challenge the type of care provided.  In this way, prisoners would show that the provided care is inadequate, *id.* at 534–35, and care would violate the Eighth Amendment only where it was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (citations and internal quotation marks omitted).  Moreover, when a prisoner seeks to prove grossly inadequate care, "courts generally require them to introduce medical evidence, typically in the form of expert testimony," as "it would be odd if a prisoner could prove an Eighth Amendment claim more easily than an ordinary individual could prove a medical malpractice claim."  *Phillips*, 14 F.4th at 535.  Either way, the high bar of the objective requirement "avoids turning the Eighth Amendment into a federal malpractice statute," and the objective requirement *must* be satisfied before courts consider the second, subjective part of the test.  *Id.*

In short, this Court determined that Hopson had not satisfied the objective requirement of a deliberate indifference claim showing the inadequacy of the provided care.  Crucially, Hopson received ongoing treatment for his knee, including an x-ray, medication, and multiple appointments with medical personnel; thus, his "desire for additional or different treatment [did] not amount to a violation of his Eighth Amendment rights."  (ECF No. 52 at 12–13); *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017).

7

Now, in his Rule 59(e) Motion, Hopson latches on to a footnote in this Court's prior decision accepting that there was factual uncertainty as to whether Bumgardner "was deliberately indifferent about [Hopson's] alleged Hepatitis C interaction, requiring rheumatology specialist referral." (ECF No. 52 at 12 n.1). Hopson argues that this constitutes a genuine issue of material fact as to the issue of deliberate indifference and precludes summary judgment, because it becomes an open question whether the decision not to refer Hopson to a rheumatologist was deliberate indifference. (ECF No. 57 at 8). According to him, his arthritic knee condition was known, but he was not referred to treatment to a rheumatologist despite his Hepatitis C condition. (*Id.* at 11, 15). He concludes that this Court's prior opinion "left the question of professional judgment unaddressed," and thus constituted manifest injustice. (*Id.* at 16).

Bumgardner counters that Hopson has not actually shown any of the circumstances for granting Rule 59(e) relief. She notes that Hopson simply "dispute[s] whether an alleged difference of opinion regarding the treatment of his medical condition is sufficiently serious to meet the objective standard of his deliberate indifference claim," but this issue was considered and decided, and thus there is no "fundamental flaw" for Hopson to prevail on the grounds of manifest injustice. (ECF No. 58 at 2). Hopson replies, reiterating his argument that the issue of whether Bumgardner should have referred him to a rheumatologist should be decided by a jury, and suggesting that the Court failed to determine whether Bumgardner's decision in this regard was based on medical judgment. (ECF Nos. 61 at 3; 63 at 4).

Hopson misconstrues the record. Indeed, he has only suggested that he "potentially . . . suffers from Hepatitis-C []-related rheumatic disease" in his knee. (ECF No. 48 at 5). Thus, any connection is far from being factually established at the summary judgment stage. As Bumgardner correctly points out, this Court recognized the high showing that Hopson must make to establish

that their ongoing treatment for a condition is so deficient as to violate the Eighth Amendment. (ECF No. 52 at 12 (citing *Phillips*, 14 F.4th at 534–35).  Because it was undisputed that Hopson was receiving medical treatment, and because his medical treatment was not so incompetent that shocked the conscience or was intolerable to fundamental fairness, he failed to establish the objective requirement of a deliberate indifference claim.  (*Id.*).

Again, Hopson has not shown what he must to prevail under Rule 59(e).  Hopson has only misconstrued the record and relitigated issues already decided.  He has not justified his request for extraordinary relief.  *Tera II, LLC*, 2024 WL 231456, at *1.  This motion is denied as well.

### III.    CONCLUSION

This Court sympathizes with Mr. Hopson about his claimed knee pain.  However, he has not provided a clear error of law, newly discovered evidence, an intervening change of law, or any manifest injustice that would necessitate the extraordinary relief that he seeks.  *Gencorp, Inc.*, 178 F.3d at 834.  For the foregoing reasons, Plaintiffs' Rule 59(e) Motions (ECF Nos. 56, 57) are **DENIED** and his Motion to Proceed to Judgment (ECF No. 65) is **DENIED** as moot.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  March 4, 2026**

9